NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1151

| | |
|---|---|
| LINDSLEY A. CHATTIC, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| v. | No. 09 C 07997 |
| ILLINOIS DEPARTMENT OF CORRECTIONS and NEDRA CHANDLER, *Defendants-Appellees.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Lindsley Chattic, an African-American man, worked as a correctional guard for the Illinois Department of Corrections from 2001 until 2007, when he was fired for repeatedly violating the Department's attendance policy. He sued his former employer

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

under 42 U.S.C. § 1981, alleging discrimination based on his race. The district court entered summary judgment against Chattic. The undisputed facts show that the Department fired Chattic because of his absenteeism. Therefore, we affirm the judgment.

The following facts are not contested. In the two years before he was fired, the Department disciplined Chattic nine times for unauthorized absences. As the Department's attendance policy mandates, the discipline progressed from an oral warning to written warnings to suspensions. The policy also provides that when an employee accumulates ten attendance-related offenses within two years, the employee may be discharged. In addition, the policy states that each day that an employee misses even an hour of work without authorization counts as a separate offense. Chattic did not show up for work for three days in July 2007. (He later asserted that he was sick, but the leave was nonetheless unauthorized.) These three days of absence constituted his tenth, eleventh, and twelfth violations. As a result, Chattic received a 30-day suspension, pending discharge for his twelfth violation. That discharge occurred in November 2007.

Chattic sued the Department and Nedra Chandler, the warden of the facility in Dixon, Illinois, where he worked, arguing that he received harsher punishment than three white guards and one Hispanic guard. He also insisted that he was not informed of an "alternative" policy that would have allowed him to apply accrued vacation time to his unauthorized absences. The defendants moved for summary judgment, explaining that cumulative absences burden the Department, and that each of the four coworkers whom Chattic named as comparators had acquired only 10 attendance violations, not—as Chattic had—12 attendance violations. Moreover, the tenth absence for three of these coworkers was for a partial day, not as with Chattic, for a full day, and the fourth coworker's tenth absence was due to the death of his young child. Finally, Chattic presented no evidence that his coworkers were told about the alternative leave policy. The court granted summary judgment against Chattic, reasoning that he had not met the Department's legitimate expectations, had not identified any similarly situated employees outside of his protected class who were treated more favorably, and had presented no evidence of pretext.

We review de novo the court's grant of summary judgment, *Smiley v. Columbia Coll. Chi.*, 714 F.3d 998, 1001–02 (7th Cir. 2013), but we have difficulty discerning Chattic's argument on appeal. As best we can tell, Chattic contends that the Department did not fire the four coworkers even though they had similar records of absenteeism. To

succeed on his discrimination claim under the indirect method of proof, Chattic must present evidence of comparable coworkers outside of his protected class who received better treatment than he did. *See Franklin v. City of Evanston*, 384 F.3d 838, 847 (7th Cir. 2004). To assess comparability, courts will consider whether the employees held the same position, were subject to and performed up to the same standards, and reported to the same supervisor as the plaintiff. *Id.*; *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 531–32 (7th Cir. 2003).

Chattic does not dispute that he had two more absences than each of his four coworkers had. Nor does he dispute that each additional day of absence burdens the Department or that absenteeism is a legitimate ground for dismissal. *See Garg v. Potter*, 521 F.3d 731, 737 (7th Cir. 2008); *Waggoner v. Olin Corp.*, 169 F.3d 481, 483 (7th Cir. 1999); *Oates v. Discovery Zone*, 116 F.3d 1161, 1171 (7th Cir. 1997). Instead, he invokes "the large latitude" that the Department must have given to the four coworkers who were not fired. But Chattic offers no reason to question that the Department retained the four coworkers because their absenteeism was less frequent and serious than his. Nor does he supply any evidence that the Department favored them by advising only them of the policy allowing employees to cover absences with accrued vacation time. Therefore, no material issue about the reason for Chattic's discharge needs to be resolved at trial. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

AFFIRMED.